EXHIBIT A



**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

201 17th Street NW, Suite 1700
Atlanta, GA 30363
T: 404.322.6000   F: 404.322.6050
nelsonmullins.com

Peter L. Munk
T: 404.322.6295
peter.munk@nelsonmullins.com

December 30, 2022

**VIA FEDEX AND EMAIL**

Mr. William J. Pulte
c/o Jason Gordon, Esq.
Law Offices of Jason Gordon, P.A.
3440 Hollywood Blvd., Suite 415
Hollywood, Florida 33021
*jg@jgordonlegal.com*

Re:   *William J. Pulte v. Brandon Jones*, Case No. 502022CA012238XXXXMB, In The Circuit Court Of The Fifteenth Judicial Circuit In And For Palm Beach County, Florida

**Demand to Immediately Cease and Desist Defamatory and Tortious Statements and Conduct Toward Mr. Brandon Jones and Proposal for Resolution**

Dear Mr. Gordon:

As you are aware through communications with my colleague, Mark Raymond, we represent Mr. Brandon Jones.

### RELEVANT BACKGROUND

Your client, Mr. William J. Pulte, has caused, and is continuing to cause, Mr. Jones extensive damages and irreparable reputational harm through unrelenting public attacks. On their face, Mr. Pulte's attacks are false, defamatory, malicious, harassing, and carefully calculated to cause Mr. Jones maximum economic and reputational harm. To make matters worse, Mr. Pulte is leveraging his vast resources against Mr. Jones not because he believes he has been injured, but to satisfy a longstanding vendetta against Mr. Jones' former employer, Pulte Group. Mr. Pulte has publicly said as much, explaining to media outlets that he is pursuing a "***spiritual mission***," and demanding from Mr. Jones "***finer details***" about Pulte Group as a condition of resolving the pending lawsuit (the "Lawsuit").

Mr. Pulte's alleged concern about Mr. Jones' purported conduct is pretextual: the tweets in question were a non-event, and in most cases deleted soon after being posted.

Jason Gordon, Esq.
December 30, 2022
Page 2

The accounts in the Lawsuit have almost no followers or audience. The only reason the public knows about them is because Mr. Pulte decided to splash them all over the internet and cable news as an excuse for pursuing Pulte Group. Not surprisingly, Mr. Pulte has publicly admitted that he will "***make up the lost biz and reputation***" from the tweets in question (assuming he suffered any, which is highly doubtful).

Unfortunately for Mr. Jones—who is not the heir of a housing fortune, does not have millions of Twitter followers or a desire to be in the public eye, and is the sole breadwinner for his family of six—Mr. Pulte's scorched-earth media blitz against him has resulted in the termination of his employment, public humiliation, and diminished future career prospects. Mr. Pulte's nuclear response to Tweets that were a complete non-event to anyone but (allegedly) Mr. Pulte, is disproportionate and self-serving in the extreme, and actionable at law. Mr. Jones hoped that this matter would blow over, and that he could go back to finding ways to support his family. But it is now obvious that Mr. Pulte's ceaseless attacks have poisoned the job market for Mr. Jones, thus leaving him no other option than fighting back against Mr. Pulte's ongoing false statements. Absent a resolution of all claims under the terms set forth in this letter, Mr. Jones intends to seek millions of dollars in damages and the permanent injunctive relief necessary to protect himself from Mr. Pulte's media machine. In that event, Mr. Jones will also seek punitive damages because Mr. Pulte's actions are willful and intended to cause injury.

As stated in more detail on page five of this letter, Mr. Jones demands that Mr. Pulte cease and desist the tortious activities described herein, and preserve documents.

## MR. PULTE'S TORTIOUS CONDUCT

### *Defamation and Defamation Per Se*

Mr. Pulte has published numerous false statements of fact or mixed-opinion about Mr. Jones since December 14, 2022, resulting in millions of dollars of verified and easily calculated damages. Below is a non-exhaustive list of the evidence-free claims that Mr. Pulte has repeatedly broadcast to his millions of social media followers, and recklessly asserted through prominent media outlets.

- Mr. Pulte has repeatedly claimed that Mr. Jones is "*running Twitter Bots*," and a "*sophisticated bot network*." This is patently and verifiably false. As Mr. Pulte and his consultants well know, a "bot" is not simply a fictitious or pseudonymous account, as the Lawsuit alleges. Rather, *"Twitter bots, also known as zombies, are **automated** Twitter accounts that are **controlled by bot software**. While they are programmed to perform tasks that resemble those of everyday Twitter users— such as like tweets and following other users—their purpose is to tweet and retweet content for specific goals **on a large scale**.*" (*See* https://us.norton.com/blog/emerging-threats/what-are-twitter-bots-and-how-to-spot-them# (emphasis added), published 9/5/22, last accessed 12/230/22.) An anonymous Twitter account is not a "bot." Indeed, as Exhibit B to the Lawsuit makes clear, it does not violate Twitter policy to "open[] multiple accounts with

Jason Gordon, Esq.
December 30, 2022
Page 3

    distinct identities, purposes, or use cases," or to "operat[e] a personal account in addition to pseudonymous accounts." Mr. Pulte knows this, but has latched on to the concept of "bots" to add interest to an otherwise unremarkable story.

- Mr. Pulte has falsely and maliciously claimed that Mr. Jones is using "bots" to commit criminal offenses, including manipulating stock price, disclosing confidential information, and stalking.

    - On December 14, Mr. Pulte tweeted: *"BOTS aren't just manipulating our Political Discourse in Public Square**, they're also manipulating Wall Street Markets, and Main Street 401Ks**. Will you help us #StopTheBots? "**Brandon Jones**.""* (Emphasis added.)

    - On December 21, Mr. Pulte posted on LinkedIn that *"The Pulte Files" will "show how some Bad Executives **are using Bots to affect the stock price or sentiment analysis of Publicly Traded Companies**."* (Emphasis added.)

    - On Christmas day, Mr. Pulte tweeted: *"Now that we've uncovered some Wall Street and NYSE Corporations using **BOTS to talk about their stock prices and businesses** (Pulte v. Jones Case No. 502022CA012238XXXXMB), I worry about Deep Fakes impersonating and tricking."* (Emphasis added.)

    - In a December 14 press release, Mr. Pulte accused Mr. Jones, falsely, of "**undisclosed promotion of PulteGroup stock and information that may have been confidential**." (Emphasis added.)

    - The pultelawsuit.com website that you maintain accuses Mr. Jones of "*stalking*," which is a criminal act under Florida law.

- Mr. Pulte has lied about Mr. Jones' professional conduct and accomplishments, and the results of Pulte Group's purported investigation, of which he has no personal knowledge.

    - In a December 16 press release, Mr. Pulte falsely claimed, without evidence, that Mr. Jones was terminated for a "***defamatory Bot Network ran on Company time***," and that an internal investigation "*determined that the Bot Attacks were covertly operated by Brandon Jones*." (Emphasis added.)

    - On December 16, Mr. Pulte was quoted in an Atlanta Journal Constitution ("AJC") article as follows: "***Pulte said Jones committed many of these actions while at work and while using company computers***."

Jason Gordon, Esq.
December 30, 2022
Page 4

> - On December 16, Mr. Pulte claimed that Mr. Jones was not qualified for his position, and rose up the ranks of Pulte Group due to undeserved "***preferential treatment***."
>
> - On December 21, Mr. Pulte claimed that Brandon Jones' was "***stealing the identity from a dead man***."

The foregoing statements, claims, and allegations are false, defamatory, defamatory per se, and have caused, and are continuing to cause Mr. Jones millions of dollars in damages. Mr. Pulte's onslaught of false and self-serving information is materially impacting Mr. Jones' ability to find work to support his family. Mr. Pulte's "spiritual mission" has resulted in serious and potentially irreparable harm to Mr. Jones and his family.

### *Tortious Interference*

In addition to being defamatory, Mr. Pulte's unrelenting campaign against Mr. Jones also constitutes tortious interference with business relationships, contracts, and economic advantage, as it is deliberately calibrated to destroy Mr. Jones' current and future economic prospects in the hopes he will provide "dirt" on Pulte Group. The pretextual nature of Mr. Pulte's media blitz is obvious: On December 16, Mr. Pulte described Mr. Jones' termination as a "FIRST VICTORY" in a broader campaign against Pulte Group. Mr. Pulte further acknowledged that he would "make up the lost biz and reputation" from the alleged defamatory tweets. Speaking to the AJC, Mr. Pulte described the current dispute as a "spiritual mission" against Pulte Group. On December 20, Mr. Pulte tweeted that he needs "an apology & finer details from Jones which is why I'm suing him." Tellingly, Mr. Pulte has elected to not serve Mr. Jones, despite having a copy of the Lawsuit delivered to Mr. Jones' home in Marietta, Georgia. Indeed, a summons has not even been issued for service. Mr. Pulte's objective is clearly character assassination, not the adjudication of good faith claims.

In the final analysis, Mr. Pulte has intentionally destroyed Mr. Jones professional life, and is holding his future prospects in limbo, for reasons that have nothing to do with Mr. Jones. This is unlawful, to say nothing of a deeply unethical use of Mr. Pulte's Twitter and media bully pulpit. Individuals like Mr. Jones do not stand a chance against rich, privileged heirs like Mr. Pulte with an axe to grind.

Mr. Jones looks forward to making this case to a judge and jury in a court of competent jurisdiction, and will pursue punitive damages based on Mr. Pulte's intentional efforts to injure Mr. Jones. *See Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So.3d 710, 729 (Fla. 4th DCA 2010) (affirming $5 million punitive damages award based on slander per se, and express finding that the slander was intended to injure plaintiff and did in fact cause injury).

Jason Gordon, Esq.
December 30, 2022
Page 5

### FLORIDA'S LITIGATION PRIVILEGE DOES NOT IMMUNIZE MR. PULTE FROM LIABILITY FOR HIS TORTIOUS BEHAVIOR

Mr. Jones will respond to the Lawsuit and assert counterclaims in due course, but suffice it to say, the Lawsuit is meritless, and a clear abuse of the judicial system, which is designed to adjudicate disputes brought in good faith, not punish critics and settle old scores. Mr. Pulte clearly filed the Lawsuit in a mistaken and futile attempt to insulate himself from accountability for his reckless media blitz against Mr. Jones, as he will no doubt claim that his false statements fall within the "litigation privilege" to tortious activity. But applicable law is crystal clear that the litigation privilege is not absolute and cannot be used to eviscerate long-standing sources of judicially available recovery. It certainly does not apply in the case of a pretextual lawsuit that is designed to punish and defame, as such a use is plainly at odds with the public policy purpose of the privilege.

### DEMAND

Mr. Jones demands that Mr. Pulte:

- Immediately stop all false and defamatory statements concerning Brandon Jones;

- Immediately stop all harassing, personal attacks on Mr. Jones and his family, including explicit invitations to his followers to "investigate" Mr. Jones, which has resulted in personal harassing text and LinkedIn messages;

- Within three days remove from all public platforms all social media posts containing the information referenced in this letter;

- Within three days issue written corrections to all media outlets to which Mr. Pulte is quoted as saying false and defamatory things about Mr. Jones; and

- Immediately take down www.pultelawsuit.com, including the picture of Mr. Jones, which was taken from his wife's private Facebook account, and depicts Mr. Jones on the day of his father's funeral this past March.

If these demands are not satisfied, Mr. Jones will pursue all available legal remedies—including actual damages, punitive damages, and injunctive relief—in a court of competent jurisdiction. Mr. Pulte is also on notice to preserve all documents, including electronic messages and social media postings, relating to, without limitation:

- Communications between Mr. Pulte and PulteGroup's Board of Directors, current and former Pulte employees, and Pulte family members relating to the grounds and bases for Mr. Pulte's removal from the Board of Directors;

Jason Gordon, Esq.
December 30, 2022
Page 6

- Communications between Mr. Pulte and Pulte family members who Mr. Pulte references in the Lawsuit or press releases, including Mark Pulte, Nancy Rickard Pulte, and Bryan Pulte, concerning or relating to Mr. Jones or the allegations in the Lawsuit;

- Communications between Mr. Pulte and any reporter, media outlet, podcaster, blogger, or influencer relating to Mr. Jones or the allegations in the Lawsuit, or any attempt to publicize or amplify publicity of the Lawsuit;

- Documentation relating to the factual basis for each and every assertion of fact or opinion made by Mr. Pulte against Mr. Jones since Mr. Pulte's removal from the PulteGroup Board of Directors;

- Communications, agreements, and reports between Mr. Pulte and non-attorney advisors and consultants engaged to investigate or consult on any facts relating to Mr. Jones or the Twitter activity alleged in the Lawsuit;

- Documents relating to purported monetary damages, including any evidence of reputational harm;

- A complete log of all Twitter activity on any account owned or maintained by Mr. Pulte (whether in his own name or through an alias), including all responses;

- Communications between Mr. Pulte and Twitter;

- Communications with PulteGroup's Board of Directors or other current and former Pulte employees regarding Mr. Jones' termination or any communication with current or former employees regarding the Lawsuit;

- All responses and information from alleged "whistleblowers" solicited by Mr. Pulte concerning Mr. Jones or the allegations in the Lawsuit.

## POTENTIAL RESOLUTION[1]

Mr. Raymond has asked you more than once what it would take to resolve this matter. In your last communication, you requested something "more concrete that Jones is willing to offer" to get Mr. Pulte to stop his false and malicious posting. In exchange for Mr. Pulte complying with the demands set forth in the preceding section, and dismissing the Lawsuit with prejudice, Mr. Jones will enter a mutual release of all claims, and agree to meet or talk to him directly to discuss the allegations against him in the Lawsuit.

---

[1] This proposal is made for purposes of compromise and is not admissible in evidence. Any such agreement would be subject to a mutually agreeable written settlement agreement, which will include confidentiality and non-disparagement obligations.

Jason Gordon, Esq.
December 30, 2022
Page 7

      This offer will remain open for seven days. It is Mr. Jones' hope that the parties can resolve these matters and go their separate ways.

                                  Sincerely,

                                  Peter L. Munk

PLM:ss

cc: Mark F. Raymond, Esq.