IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANDON JONES, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WILLIAM J. PULTE, ) <br> ) <br> Defendant. ) | Case Number 1:23-cv-01228-SEG |

**DEFENDANT WILLIAM J. PULTE'S REPLY
IN SUPPORT OF HIS RENEWED MOTION TO DISMISS,
OR IN THE ALTERNATIVE, STAY THIS ACTION**

There are two independent bases to dismiss or stay this action. *First*, Jones has failed to meet his burden and establish that this Court has personal jurisdiction over Pulte under Georgia's long-arm statute, O.C.G.A. § 9-10-91(3). *Second*, this matter involves the exact same parties, legal claims, and underlying facts as the earlier-filed Florida Action,[1] which warrants abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Jones' Brief in Opposition (Dkt. 17) only reinforces that granting a dismissal or stay under either of these bases is warranted.

---

[1]     *See* Dkt. 16-1, *William J. Pulte v. Brandon Jones, Case No. 502022CA012238XXXXMB*, Circuit Court of the Fifteenth Judicial District, Palm Beach County, Florida.

***First***, despite alleging in the Amended Complaint that "Pulte regularly does or solicits business in this state" (Am. Compl. ¶ 16), Jones correctly abandons that argument and also tacitly concedes that any allegedly defamatory statements made by Pulte cannot confer personal jurisdiction under O.C.G.A. § 9-10-91(3). With those avenues off the table, Jones is only left to argue that Pulte engages in a "persistent course of conduct" in Georgia based on his prior role as a director of PulteGroup,[2] Twitter posts about PulteGroup or with PulteGroup employees, and Twitter posts about a business interest in a Georgia-based company. But, these allegations are simply not sufficient to establish a "persistent court of conduct" in Georgia, which courts in this district have defined as a "constant[]—and perhaps tenacious[]—repeated or continued series of acts indicating a continuity of purpose." *See Doherty-Heinze v. Chrisley*, No. 3:21-cv-105-TCB, 2022 WL 18938046, at *6 (N.D. Ga. July 18, 2022). Since Jones cannot establish jurisdiction under Georgia's long-arm statute, which is not coextensive with the Due Process clause, Jones' complaint must be dismissed under Rule 12(b)(2).

***Second***, even setting aside the personal jurisdiction infirmities which are dispositive, Jones incredibly claims that this action is not "substantially" the same as the Florida Action for purposes of abstention under *Colorado River*. Jones

---

[2] Pulte's term expired after he declined to stand for election before shareholders after four consecutive, successful elections.

devotes substantial ink to making the point that the defamatory statements in each complaint are not *literally* the same, but that is the wrong standard. These two actions involve the exact same parties (Jones and Pulte), the same cause of action (defamation), the same legal issues that arise in defamation cases, and are based on the same underlying facts (Jones' campaign to defame Pulte through fake Twitter accounts, and Pulte's subsequent statements about Jones' defamatory conduct). As such, the threat of duplicative litigation and conflicting rulings is significant—a concern Jones barely addresses. Since, as Jones concedes the "Florida Action was filed first and has proceeded further," (Dkt. 17 at 22), *Colorado River* abstention is appropriate.

Accordingly, this Court must grant Pulte's Renewed Motion to Dismiss, or in the Alternative, Stay this Action (Dkt. 16) (the "Renewed Motion").

## ARGUMENT

**I. JONES HAS NOT MET HIS BURDEN IN ESTABLISHING PERSONAL JURISDICTION OVER PULTE, AND THEREFORE, THIS CASE MUST BE DISMISSED PURSUANT TO RULE 12(B)(2)**

### A. Jones Fails to Establish Personal Jurisdiction Under Georgia's Long-Arm Statute

Jones concedes that O.C.G.A. § 9-10-91(3) requires him to establish certain contacts by Pulte with Georgia "***other than the commission of the tort itself***," *i.e.*, defamation. *See* Dkt. 17 at 7 (quoting *Bradlee Mgmt. Servs., Inc. v. Cassells*, 249 Ga. 614, 617 (1982)) (emphasis added); *see also Weinstock v. Gannett, Inc.*, No.

1:00-CV-2935-ODE, 2001 WL 1147214, at *2 (N.D. Ga. June 20, 2001) ("Jurisdiction may be proper under subsection (3) if the defendant has contacts with the forum state ***apart from those acts giving rise to the suit***.") (emphasis added). Therefore, it is undisputed that Pulte's purported defamation statements in the Amended Complaint cannot satisfy O.C.G.A. § 9-10-91(3).

Moreover, despite pleading that "Pulte regularly does or solicits business in this state" (Am. Compl. ¶ 16), Jones altogether abandons any claim that personal jurisdiction under O.C.G.A. § 9-10-91(3) is satisfied based on Pulte's alleged business in Georgia. Nor could he credibly maintain such a position, since, according to the Amended Complaint, Pulte and his LLC do not conduct any business activity in Georgia apart from an undefined "ownership interest" in a Georgia-based heating and air conditioning company. *See* Am. Compl. ¶¶ 22, 28, 32.

With both of those avenues foreclosed, Jones is left to argue that personal jurisdiction over Pulte is appropriate under O.C.G.A. § 9-10-91(3) due to his "persistent course of conduct" in Georgia. Dkt. 17 at 8. But, in doing so, Jones mischaracterizes the correct standard for evaluating what constitutes a "persistent course of conduct," and cites to cases with a course of conduct that are plainly distinguishable.

*First*, Jones cites to *H.K. Corp. v. Lauter*, 336 F. Supp. 79 (N.D. Ga. 1971), and states that a persistent course of conduct "requires only minimal activity." Dkt. 17 at 8. Yet, there is no language in that 1971 opinion which held that "only minimal activity" can constitute a "sufficient course of conduct" under O.C.G.A. § 9-10-91(3). Indeed, in *Lauter*, a trademark infringement and unfair competition case, the court only found that O.C.G.A. § 9-10-91(3) applied generally, without a specific finding that there was a "persistent course of conduct." *Lauter*, 336 F. Supp. at 80–81. And factually, the defendant in that case made fifteen sales to Georgia customers, deriving $19,000 in revenue from Georgia customers (*id.* at 81)—contacts with Georgia that stand in stark contrast to Pulte's alleged Georgia contacts.

*Second*, while Jones cites to *Doherty-Heinze*, 2022 WL 18938046 (also cited by Pulte in the Renewed Motion), he **omits the standard that court applied** in analyzing a "persistent course of conduct" under O.C.G.A. § 9-10-91(3). As explained in Pulte's Renewed Motion (*see* Dkt. 16 at 12), the court in *Doherty-Heinze* noted that "Georgia case law regarding what constitutes a 'persistent course of conduct' is relatively thin," but nonetheless interpreted the phrase according to its plain language. *Id.* at *6. According to the court, the plain meaning of "persistent course of conduct" is a "constantly—and perhaps tenaciously—repeated or continued series of acts indicating a continuity of purpose." *Id.* Curiously, Jones

5

never mentions this standard despite citing to and referencing *Doherty-Heinze*, and instead he misdirects the Court to case law from the D.C. Circuit.

Like in *Lauter*, the alleged contacts with Georgia in *Doherty-Heinze* pale in comparison to Pulte's alleged contacts with Georgia in the Amended Complaint. The *Doherty-Heinze* court found that the defendant's "retention and coordination of two Georgia private investigators to investigate [plaintiff], combined with the regular solicitation of contacts and information from Georgia residents and state employees constitutes a repeated—and tenacious—series of acts with a definite 'continuity of purpose.'" *Id.* at *7. There are no allegations in the Amended Complaint that Pulte hired or paid anyone in Georgia to assist in allegedly defaming Jones, or that he solicited Georgia residents for information about Jones.

*Third*, Jones directs the Court to *Cartwright v. Fokker Aircraft U.S.A., Inc.*, 713 F. Supp. 389 (N.D. Ga. 1988), which found a "persistent course of conduct" through actions taken by the defendant's subsidiary business. *Id.* at 393. But, that case is also plainly distinguishable, as the parent company "not only advertised in national trade publications and held title to certain spare parts kept in Georgia, it also utilized a subsidiary distributor who regularly does and solicits business in Georgia." *Id.* Here, Jones merely alleges that Pulte, through his LLC which helps capitalize small businesses, has an unspecified "ownership interest" in a Georgia-based heating

6

and air conditioning company which has nothing to do with Jones' underlying defamation claims. Am. Compl. ¶¶ 22, 28.

At bottom, Jones is desperately grasping to allege contacts to Georgia—*i.e.*, Pulte was a director of Georgia-based PulteGroup until 2020 (*id.* ¶ 25), Pulte made Twitter posts in 2022 about PulteGroup and Pulte Homes, (*id.* ¶¶ 27, 29, 33, 36), and Pulte allegedly "engaged with" PulteGroup employees online, without further explanation. *Id.* ¶ 35. These disconnected alleged contacts, which are completely unrelated to Jones' claims, simply cannot be characterized as a "constantly—and perhaps tenaciously—repeated or continued series of acts indicating a continuity of purpose." *Doherty-Heinze*, 2022 WL 18938046, at *6. Rather, they are "too episodic and isolated to be regular business or a persistent course of conduct." *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, No. 1:12-cv-02902-JEC, 2014 WL 688134, at *7 (N.D. Ga. Feb. 21, 2014).

Thus, this action should be dismissed since Jones failed to meet his burden of establishing personal jurisdiction under O.C.G.A. § 9-10-91(3).

### B.   Jones Also Fails to Establish Personal Jurisdiction Under the Due Process Clause

As explained in Pulte's Renewed Motion (*see* Dkt. 16 at 13–14), the personal jurisdiction analysis under the Due Process Clause is unnecessary since Jones has failed to establish personal jurisdiction under O.C.G.A. § 9-10-91(3). *See Cobb v. Equifax Info. Servs., LLC*, No. 122-cv-03195-WMR-CMS, 2023 WL 2933349, at *3

(N.D. Ga. Mar. 9, 2023) ("In Georgia, a due process analysis is appropriate only after it is first established that the nonresident defendant committed one of the acts described in the Long-Arm Statute."). Nonetheless, even assuming Jones has sufficiently established personal jurisdiction under O.C.G.A. § 9-10-91(3) (he has not), Jones has similarly failed to meet his burden under the Due Process analysis.

Jones relies on *Calder v. Jones*, 465 U.S. 783 (1984), and the "effects" test which was discussed by the U.S. Supreme Court in the more recent decision, *Walden v. Fiore*, 571 U.S. 277 (2014). *Walden* held, consistent with *Calder* that, "mere injury to a forum resident is not a sufficient connection to the forum," and therefore, the "proper question is **not** where the plaintiff experienced a particular injury **or effect** but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 290 (emphasis added). Jones cannot meet this burden.

"[T]he mere fact that [Pulte's alleged] conduct affected [Jones] with connections to the forum State does not suffice to authorize jurisdiction." *Id.* at 291. And, as set forth above, Pulte's other alleged contacts with Georgia are too "random, fortuitous, or attenuated" to establish the requisite contacts with Georgia such that exercising personal jurisdiction over Pulte would satisfy the Due Process Clause. *Id.* at 286. Accordingly, this Court lacks personal jurisdiction, and therefore, must dismiss this action pursuant to Rule 12(b)(2).

8

## II.     ABSTENTION IS WARRANTED UNDER *COLORADO RIVER*

### A.     The Actions Involve Substantially the Same Parties and Issues

Although there should be no dispute that this action is "substantially" the same as the Florida Action, Jones devotes nearly five pages of his Response in a failed attempt to prove otherwise. *See* Dkt. 17 at 15–20.  Notably, Jones cites virtually no case law to support his argument that these are different actions, nor does he even acknowledge that he called the Florida Action "a similar action" in other court filings.  *See Pulte v. Jones*, Case No. 9:23-cv-80216-AMC (S.D. Fla.), Dkt. 16.

Jones' emphasis on the differences in the alleged defamatory statements in the two complaints misses the mark.  The test is ***not*** whether the actions are identical or literally the same.  *See Ambrosia Coal & Const. Co. v. Pagés Morales*, 368 F.3d 1320, 1329–30 (11th Cir. 2004) (noting that *Colorado River* does not require that the "federal and state cases share *identical* parties, issues, and requests for relief"); *Gold-Fogel v. Fogel*, 16 F.4th 790, 801 (11th Cir. 2021) ("The proceedings need not be exactly parallel, as long as they are substantially similar.")  Instead, the Court must determine whether the "federal and state proceedings involve substantially the same parties and substantially the same issues." *Ambrosia Coal*, 368 F.3d at 1330. It defies law and logic to conclude that this Georgia Action does not involve substantially the same parties and issues as the Florida Action.

The two actions unmistakably involve the same parties, and each action is for defamation. Moreover, both actions undoubtedly involve "substantially" the same issues and underlying facts—the Florida Action concerns Jones' alleged misuse of fake Twitter accounts to defame Pulte, whereas this action primarily concerns Pulte's alleged statements ***about Jones' misuse of fake Twitter accounts to defame Pulte – including the Complaint Pulte filed in the Florida Action***. Am. Compl. ¶¶ 73–138. The fact that some alleged defamatory statements in Jones' Amended Complaint may not directly relate to Jones' misuse of fake Twitter accounts or the Florida Action does not change that these actions are "substantially" the same.

Thus, Pulte has easily satisfied this threshold matter under *Colorado River*. *See ACE Am. Ins. Co. v. Newcomb & Boyd, LLP*, No. 1:17-CV-508-MHC, 2017 WL 7660405, at *3 (N.D. Ga. Sept. 28, 2017) (staying case under *Colorado River* and finding that "both cases arise out of the same set of operative facts and involve the substantially same parties and the same issues").

**B.     The Balance of the *Colorado River* Factors Favor Abstention**

Jones "concedes the Florida Action was filed first and has proceeded further," and acknowledges that the Florida Action is proceeding with discovery. Dkt. 17 at 22. Notably, Jones recently issued written discovery on the merits, including over 100 requests for production to Pulte. *See* Exhibit A, "Defendant Brandon Jones Requests for Production to Plaintiff," and "Defendant Brandon Jones Notice of

Serving Interrogatories to Plaintiff," July 14, 2023. Meanwhile, this action will not proceed with discovery until "thirty days after [Pulte's] answer is filed in the event the case is not stayed or dismissed." Dkt. 18. Without question, this factor favors abstention and is not neutral, as Jones argues.

Jones also argues there is "no risk of piece meal litigation" (Dkt. 17 at 21), but that simply cannot be given the substantial overlap in facts and legal issues between the actions. Jones hardly grapples with the ample case law set forth in the Renewed Motion in which courts abstained under *Colorado River* due to the risk of piecemeal litigation. *See* Dkt. 16 at 20–21 (collecting cases). As set forth in the Renewed Motion, the facts and legal issues in these actions are virtually identical, which will inevitably result in a wasteful and unnecessary duplication of efforts in discovery and beyond. That is sufficient to find a risk of piecemeal litigation. *See ACE Am. Ins.*, 2017 WL 7660405, at *3 ("Here, the facts and legal issues in both cases are virtually identical, which poses the real risk of piecemeal litigation."). Moreover, given the interrelatedness of the actions, there is a threat of conflicting rulings on discovery matters and the merits, or at a minimum, rulings which will likely affect the outcome of the other action. *See Corestates, Inc. v. Phillips*, No. 1:16-CV-1170-ODE, 2016 WL 9454438, at *6 (N.D. Ga. Aug. 5, 2016) (staying case pursuant to *Colorado River* and finding that federal and state actions were

"sufficiently intertwined that any ruling in one case is likely to affect the outcome in the others"). As such, this risk of piecemeal litigation also favors abstention.

Finally, Jones smears Pulte and his purported motivations for the Florida Action to distract from his litigation conduct.[3] The Florida Action was brought to redress Jones' misconduct in defaming Pulte through fake Twitter accounts—conduct which Jones has admitted he undertook. *See* Dkt. 17 at 17 ("Jones has admitted that he published the statements in question"); Dkt. 17-2 (Jones Responses and Objections to Pulte's First Request for Admissions in Florida Action). Since the filing of the Florida Action, Jones has engaged in procedural gamesmanship, including a failed attempt to remove the Florida Action to federal court and then through forum shopping in bringing this action instead of simply filing counterclaims in the Florida Action. This Georgia Action is a reactive attempt to litigate related claims in multiple forums to thwart the first-filed Florida Action.

Contrary to Jones' framing, and as set forth in *Gold-Fogel*, the Court "should not apply these factors mechanically in evaluating whether to grant a dismissal or stay of the federal action in favor of the parallel state action." *Gold-Fogel*, 16 F.4th

---

[3] Jones also references other lawsuits besides this action and the Florida Action, but whatever relationship those lawsuits have to the parties, they have no bearing on the *Colorado River* analysis, which only focuses on the vexatious or reactive nature of either the federal or the state litigation.

at 800. As set forth above, the weight of the *Colorado River* factors warrants dismissing, or in the alternative, staying this action.

## III. JURISDICTIONAL DISCOVERY IS NOT NEEDED

Jones contends that if the Court determines that Jones has not established personal jurisdiction over Pulte, he should be allowed to conduct jurisdictional discovery (something Jones is already doing in the Florida Action). Dkt. 17 at 25. While that exercise will consume the parties' and this Court's time and resources, it will ultimately prove fruitless. Even if the discovery revealed some other contacts with Georgia sufficient to meet the Due Process Clause and Georgia Long Arm Statute, the Court should still abstain from hearing the case under *Colorado River*. The better course of action is to simply direct Jones to file his claims in the pending Florida Action. Jones also nonsensically suggests that this Court could transfer this case to the Southern District of Florida, but there is no pending action there or no basis to transfer to that court when the earlier-filed Florida Action is already pending in state court.

## CONCLUSION

For the foregoing reasons, and for all the reasons set forth in the Renewed Motion (Dkt. 16), Pulte respectfully requests that this Court dismiss this action under Rule 12(b)(2) since this Court lacks personal jurisdiction over Pulte. Even if this Court concludes it does have personal jurisdiction, Pulte respectfully requests that

this Court issue an order dismissing, or in the alternative, staying this action pursuant to the abstention principles set forth in *Colorado River*.

This 19th day of July, 2023.

/s/ J. Carole Thompson Hord
J. Carole Thompson Hord
Georgia Bar No. 291473
Andrew H. Pinter
Georgia Bar No. 232922
SCHREEDER WHEELER & FLINT, LLP
1100 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309
(404) 681-3450
(404) 681-1046 (fax)
chord@swfllp.com
apinter@swfllp.com

William C. O'Neil (*pro hac vice*)
A. Matthew Durkin (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5600
(312) 558-5700 (fax)
woneil@winston.com
mdurkin@winston.com

*Attorneys for Defendant William J. Pulte*

## **CERTIFICATION OF FONT SIZE**

Pursuant to L.R. 7.1D, N.D. Ga., I hereby certify that the foregoing has been prepared using the 14 point Times New Roman font approved in L.R. 5.1C, N.D. Ga.

This 19th day of July, 2023

*/s/ J. Carole Thompson Hord*
J. CAROLE THOMPSON HORD
Georgia Bar No. 291473

SCHREEDER WHEELER & FLINT, LLP
1100 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309
Telephone: (404) 681-3450
Facsimile: (404) 681-1046
Email: chord@swfllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2023, I electronically filed this **Reply in Support of Defendant William J. Pulte's Renewed Motion to Dismiss, or in the Alternative, Stay These Proceedings** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

*/s/ J. Carole Thompson Hord*
J. CAROLE THOMPSON HORD
Georgia Bar No. 291473

SCHREEDER WHEELER & FLINT, LLP
1100 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309
Telephone: (404) 681-3450
Facsimile: (404) 681-1046
Email: chord@swfllp.com