# EXHIBIT A

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 502022CA012238XXXXMB

WILLIAM J. PULTE, an individual,

     Plaintiff,

vs.

BRANDON JONES, an individual,

     Defendant.

_____/

## DEFENDANT, BRANDON JONES REQUEST FOR PRODUCTION TO PLAINTIFF

COMES NOW, the Defendant, BRANDON JONES, by and through the undersigned counsel and pursuant to Fla. R. Civ. P. 1.350, hereby requests that Plaintiff, WILLIAM J. PULTE, produce the documents responsive to the following requests within thirty (30) days after service of this Request at the Law Offices of Baumann, Gant, & Keeley, P.A., 1401 East Broward Boulevard, Fort Lauderdale, Florida 33301.

### Definitions

l.     "Pulte" or "Plaintiff" means William J. Pulte, the Plaintiff herein.

2.     "You" and/or "Your" means Plaintiffs, and any employees, agents, attorneys, representatives or other persons acting on his behalf.

3.     "Jones" or "Defendant" means Brandon Jones.

4.     "PulteGroup" means PulteGroup, Inc., as well as any predecessor, successor, parent, subsidiary, or affiliated entity.

5.     The "Complaint " means the Complaint filed by Pulte in CASE NO.: 502022CA012238XXXXMB.

6.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by or through any written, or electronic means, including without limitation, writings, letters, memoranda, email, text messages, telephone messages, facsimile, and audiovisual recordings or other tangible things which constitute or contain matters within the scope of the Florida Rules of Civil Procedure, and which are within the possession, custody, or control of William Pulte.

7.      "Concerning" means relating to in any way, referring to, describing, discussing, mentioning, evidencing, or constituting.

8.      "Document" or "Documents" means all "writings and recordings". The definition is intended to include all documents, agreements, correspondence, records, ledgers, contracts, bills, invoices, bills of lading, inventories, financial data, memoranda, notes, or other writings, formal or informal in nature, accounting and financial records, diaries, statements, telegrams, draft, work papers, paper and magnetic tapes, charts, computer cards and print outs, electronically or magnetically stored information or data, minutes, publications, calendars, telephone pads, bulletins, directives, logs and listings, in your actual or constructive possession, custody or control, or of which you have knowledge of the existence, and whether prepared, published or released by you or by any other person or entity. Without limitation on the foregoing, the term "documents" shall include any copy which differs in any respect from the original or other versions of the documents, such as copies containing notations, insertions, corrections, marginal notes or any variations.

### DOCUMENTS REQUESTED AND TO BE PROVIDED:

1.      A complete copy of the Plaintiff's Individual and/or Joint Income Tax Returns, and all supporting documentation including W-2 Forms, 1099 Forms, etc., for the past five (5) years

prior to the alleged defamatory statements (2021), for the year of alleged defamatory statements (2021 and 2022), and for each year subsequent year to the alleged defamatory statements as alleged in the Complaint.

2.      Copies of any documents relating to the Plaintiff's earnings for the present year (i.e., payroll stubs, canceled checks, etc.).

3.      Copies of any and all documents which identify the persons and companies with whom Pulte does business "through Pulte Capital, familial and through his charitable efforts" as alleged in Paragraph 90 of the Complaint.

4.      Copies of any and all documents demonstrating any business relationships that was in existence between Pulte and/or through Pulte Capital, familial and through his charitable efforts and any other person or company or any potential relationships as alleged in Paragraph 92 of the Complaint.

5.      All documents and communications by, between or among William Pulte and Brandon Jones.

6.      All documents and communications concerning any meetings between Pulte and the PulteGroup, whether in-person, by telephone or other means, including without limitation, calendar appointments, meeting agendas, meeting minutes, presentations, emails, and notes of meetings from 2018 to present.

7.      All documents and communications concerning any meetings between Pulte and PulteGroup, whether in-person, by telephone or other means, including without limitation, calendar appointments, meeting agendas, meeting minutes, presentations, emails, and notes of meetings concerning the following:

        a.      Brandon Jones.

     b.     Ryan Marshall.

     c.     Michelle Hairston

8.     All documents and communications concerning any meetings between Pulte and any employee of PulteGroup, whether in-person, by telephone or other means, including without limitation, calendar appointments, meeting agendas, meeting minutes, presentations, emails, and notes of meetings concerning the allegations in the Complaint.

9.     Copies of any and all documents which support your allegation in paragraph 84 of the Complaint which reads "In publishing these false statements, Jones either knew the statements were false, had serious doubts as to their truth, or published them with reckless disregard for, and in purposeful avoidance of the truth."

10.     Copies of any and all documents which support Pulte's allegation in paragraph 79 which reads "These statements wrongly accuse Pulte of having acted in a manner that would subject him to hatred, distrust, contempt, aversion, ridicule and disgrace in the minds of companies with whom he does business through Pulte Capital, those he connects with through his charitable efforts, as well as with those whom Pulte potentially would do business."

11.     Copy of all attorney fee agreements in regard to this case between Pulte and any attorney.

12.     All statements, written or recorded, taken from the parties (or any witnesses) pertaining to the alleged defamatory conduct complained about in the Plaintiff's Complaint.

13.     A copy of Plaintiff's Facebook, Twitter, Instagram, LinkedIn, Reddit, or any other social networking page for the years 2019 to the present, including, but not limited to:

     a. Any and all "status updates" and comments" on "status updates".

    b. "Wall" or "Super Wall" posts and comments.

    c. Complete profile for each social networking site, including information page, group membership, and contact information.

    d. Any and all photograph(s) from album(s), profile photographs, photographs of Plaintiff posted by others, and comments associated with either album photograph(s), profile photograph(s), or photograph(s) posted by others; and

    e. Any and all videos posted by the Plaintiff, and comments made on the videos.

14.    All documents and communications evidencing, concerning, regarding, or related to each item of injury, loss, or damage of any kind You claim in this lawsuit, including, without limitation, reputational damage, emotional damage, mental damage, and/or financial damage.

15.    All documents and communications to the pultelawsuit.com website, including "whistleblower" responses and information solicited by the Plaintiff.

16.    All contracts and payments made in the creation and maintenance of the pultelawsuit.com.

17.    All documents showing how Plaintiff came into the possession of the image of Defendant used on the pultelawsuit.com website.

18.    All documents that evidence all corporate or LLC entities controlled by the Plaintiff.

19.    All documents that evidences All Twitter handles controlled or used by the Plaintiff.

20.    All documents that evidence any interactions Plaintiff has made with his own posts (likes, retweets, reposts) from a different account as stated in Paragraph 49 of the Complaint.

21.     All communications and documents with anyone paid by Plaintiff for the purpose of compiling and gathering information about the Defendant, including but not limited to non-attorney advisors and consultants used to investigate or consult on any facts relating to the Defendant or the alleged Twitter activity.

22.     All documents, scripts, contracts, payments made in the creation of the videos about the Defendant.

23.     All documents and communication regarding the Plaintiff's recruitment to "turn around PulteGroup" by PulteGroup founder William Pulte as stated in Paragraph 12 of the Complaint.

24.     All documents and communication with Elliott Management as stated in Paragraph 13 of the Complaint.

25.     All files, notes and drafts showing authorship of "The Home that Bill Pulte Built" including communication with editors or ghost writers as stated in Paragraph 13 of the Complaint.

26.     Documents from all PulteGroup board meetings, including (but not limited to) information about Bill Pulte's claimed comments about the promotion of Jones as alleged in Paragraph 14 of the Complaint.

27.     All documents and communication about Brandon Jones' performance or qualifications at PulteGroup in your possession as stated in Paragraph 14 of the Complaint.

28.     All documents and communication showing that Jones was a supporter of the "BCG strategy" as stated in Paragraph 14 of the Complaint.

29. All documents and communications showing how you voted as a PulteGroup board member with regard to utilizing the services of BCG as stated in Paragraph 14 of the Complaint.

30.    All documents and communication referring to Defendant being "Ryan Marshall's confidante" as stated in Paragraph 14 of the Complaint.

31.    Documents and communication showing Defendant was given "preferential treatment" as stated in Paragraph14 of the Complaint.

32.    All documents and communications showing the formation of Pulte Capital, all members and advisors, as stated in Paragraph 16 of the Complaint.

33.    All documents and communication reflecting payments made to organizations or entities to boost Plaintiff's Twitter followers as stated in Paragraph 18 of the Complaint.

34.    All documents and communication showing that the COO is the "second in command" at PulteGroup as stated in Paragraph 25 of the Complaint.

35.    All documents showing that Jones had responsibility for Florida as alleged in Paragraph 25 of the Complaint

36.    All documents and communication showing that Jones had responsibility for the manufacturing facility in Florida as alleged in Paragraph 26 of the Complaint.

37.    All documents and communication showing PulteGroup resources were used to post messages to Twitter as alleged in Paragraph 28 of the Complaint.

38.    All documents and communication showing evidence of a network of bots used by Defendant as alleged in Paragraph 29 of the Complaint.

39.    Any and all communication with Stephen Richardson or the estate/family members of Raymond Porter as stated in Paragraph 30 and Paragraph 44 of the Complaint.

40.    All documents and communication showing Defendant's use of the Detroit Lions logo as stated in Paragraph 34 of the Complaint.

41.    All documents and communication showing Jones made non-public comments about PulteGroup as alleged in Paragraph 38 of the Complaint.

42.    All documents and communication showing Jones evaded disclosures required by the SEC as alleged in Paragraph 39 of the Complaint.

43.    All tweets that the Plaintiff believes were made by the Defendant that the Plaintiff has retained as alleged in Paragraph 41 of the Complaint.

44.    All documents and communication that Plaintiff believes were made by the Defendant on any other website as alleged in Paragraph 42 of the Complaint.

45.    All documents and communication about layoffs or overhead reductions made by PulteGroup when Plaintiff was on the Board of Directors as stated in Paragraph 54 of the Complaint.46. All documents and communication regarding the fire at Mark Pulte's home or the Oakland Hills Golf course, including communication between Plaintiff and Mark Pulte as stated in Paragraph 65 of the Complaint.

47.    All documents and communication regarding Pulte's personal work on the "2016 turnaround of PulteGroup" as stated in Paragraph 60 of the Complaint.

48.    Documents and communications between the SEC and Plaintiff, including but not limited to investigations or lawsuits as stated in Paragraph 61 of the Complaint.

49.    All documents and communication showing Plaintiff "tried to stop corruption or greed" at PulteGroup as stated in Paragraph 62 of the Complaint.

50.    All documents and communication showing all members of the "Pulte Family" as defined by Plaintiff's use of the term on social media and elsewhere as stated in Paragraph 63 of the Complaint.

51.     All documents and communication showing Plaintiff's use of a private jet while a board member of PulteGroup per Paragraph 73 of the Complaint.

52.     All documents and communication showing the alleged tweets have deterred others from associating or dealing with Plaintiff as stated in Paragraph 80 of the Complaint.

53.     Any and all lawsuits with other Pulte family members and the estate or charitable foundation controlled by William Pulte's (founder of PulteGroup's) descendants.

54.     All documents and communication with reporters or others who published stories about the Defendant.

55.     All documents and communication with anyone on social media about increasing the visibility of Plaintiff's claims (including but not limited to bloggers, influencers, podcasters, media outlets, or political operatives).

56.     All documents and communication with Ali Akbar regarding the Defendant, including but not limited to the allegations in the Complaint.

57.     All documents and communication about the lawsuit between Pulte and Bryan Pulte, Mark Pulte, Nancy Rickard Pulte, or other descendants of William Pulte (founder of PulteGroup) concerning any issue raised in the Complaint.

58.     A complete download of all Twitter accounts controlled by the Plaintiff from 2020 to present.

59.     All documents and communication between Plaintiff and Twitter corporation, including inquiries and emails from 2020 to present.

60.     All documents and communication about Plaintiff's private personal investment in Twitter from 2020 to present.

61.     All documents and communication showing how Plaintiff has utilized the contact information (email addresses, names, etc.) of those that have submitted inquiries to pultelawsuit.com.

62.     All documents and communications evidencing, concerning, regarding, or related to Jones' alleged conduct related to pornography.

63.     All documents and communications evidencing, concerning, regarding, or related to Jones's alleged conduct related to sexually suggestive content.

64.     All documents and communication evidencing, concerning, regarding, or related to Jones's alleged conduct related to racial slurs.

65.     All documents and communication evidencing, concerning, regarding, or related to Jones's alleged conduct related to offensive language or jokes in the workplace.

66.     All documents and communication evidencing, concerning, regarding, or related to Jones's alleged conduct related to comments regarding a person's sexual orientation.

67.     All documents and communication evidencing, concerning, regarding, or related to Jones's alleged conduct related to comments regarding religious beliefs.

68.     All documents and communication evidencing, concerning, regarding, or related to Jones's alleged conduct related to comments regarding national origin.

69.     All documents and communication evidencing, concerning, regarding, or related to Jones's alleged conduct related to comments regarding a person's disability.

70.     All documents and communication evidencing, concerning, regarding, or related to Jones's alleged conduct related to comments regarding a person's protected classification in the workplace.

71    All documents and communication evidencing, concerning, regarding, or related to Jones's alleged conduct related to derogatory comments about PulteGroup customers.

72.    All documents and communication evidencing, concerning, regarding, or related to Jones's alleged conduct related to derogatory comments about PulteGroup employees.

73.    All documents and communication evidencing, concerning, regarding, or related to Jones's alleged conduct related to communications prohibited by law.

74.    All documents and communication evidencing, concerning, regarding, or related to Jones's alleged conduct related to communications designed to encourage illegal or improper behavior.

75.    All documents and communication evidencing, concerning, regarding, or related to Jones's alleged conduct related to following illicit pornography.

76.    All documents and communication evidencing, concerning, regarding, or related to Jones's alleged conduct related to the disclosure of non-public information from PulteGroup.

77. All documents and communication evidencing, concerning, regarding, or related to Jones's alleged conduct related to the disclosure of confidential information from PulteGroup.

78.    All documents and communication evidencing, concerning, regarding, or related to PulteGroup's alleged involvement in Jones's publication of any of the tweets that are the subject of Your Complaint.

79.    All documents and communication evidencing, concerning, regarding, or related to that private deliberations of the Board of Directors of PulteGroup were a source of Jones's information for any of the tweets that are the subject of Your Complaint.

80.    All documents and communications evidencing, concerning, regarding, or related to Your understanding of "bots," a "botnet," and or a "bot network."

81.    All documents and communications evidencing, concerning, regarding, or related to Jones alleged using PulteGroup- controlled IT-issued devices to operate a botnet.

82.    All documents and communications evidencing, concerning, regarding, or related to Your allegation that Jones's published tweets about You during business hours.

83.    All documents and communications evidencing, concerning, regarding, or related to Your term on PulteGroup, Inc's Board of Directors not being renewed.

84.    All documents and communications evidencing, concerning, regarding, or related to PulteGroup buying back PulteGroup stock during Your tenure on PulteGroup, Inc's Board of Directors.

85.    All documents and communications evidencing, concerning, regarding, or related to Your compensation for serving as a member of PulteGroup, Inc's Board of Directors.

86.    All documents and communications evidencing, concerning, regarding, or related to Jones's alleged interference with Pulte Capital Partners' business relationships.

88.    All documents and communications evidencing, concerning, regarding, or related to Jones's alleged interference with Your business relationships.

89.    All documents and communications evidencing, concerning, regarding, or related to Jones' alleged targeting of Pulte Capital Partners' business relationships.

90.    All documents and communications evidencing, concerning, regarding, or related to damages You allegedly incurred due to Jones's alleged targeting of Pulte Capital Partners' business relationships.

91.    All documents and communications evidencing, concerning, regarding, or related to damages You allegedly incurred due to Jones's alleged targeting of Your business relationships.

92.     All documents and communications evidencing, concerning, regarding, or related to Jones's alleged interference with Your potential business relationships.

93.     All documents and communications evidencing, concerning, regarding, or related to Jones' alleged targeting of Pulte Capital Partners' potential business relationships.

94.     All documents and communications evidencing, concerning, regarding, or related to any alleged defamatory statement made by Jones about You.

95.     All documents and communications with any third parties (excluding counsel) in any manner relating to this lawsuit, Your claimed injuries, or the allegations in Your Complaint.

96.     All documents and communications evidencing, concerning, regarding, or related to Your decision to seek less than $75,000 in this lawsuit.

97.     All documents and communications concerning any alleged damage to Your reputation which you contend was caused by Jones, specifically including, without limitation, all posts, statements, or other reactions to Jones's alleged defamatory accusations by third parties.

98.     A copy of any public statement and/or social media post made by you concerning Jones.

99.     For each witness expected to present expert testimony at trial, please produce that expert's report, as well as all documents relating to compensation for the expert's study or testimony; identification of facts or data that you provided to the expert and that the expert considered in forming the opinions to be expressed; and identification of assumptions that you provided and that the expert relied on in forming the opinions to be expressed.

100.    All documents and communications identified or referenced in or reviewed in connection with preparing any of Your written discovery responses in this matter.

13

101.    All documents received in connection with or related to this lawsuit from any third parties.

102.    To the extent not already produced, all documents and communications that you intend to rely on in a trial of this action.

103.    Any and all documents which support each and every allegation contained in the Complaint.

The requesting party will pay a reasonable copy charge for copies produced as requested.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY, a true and correct copy of the foregoing was served via electronic mail pursuant to Florida Rule of Judicial Administration 2.516 using Florida Court's E-Filing Portal to all parties of record listed for this case on the 14th day of July 2023.

Respectfully submitted,

**BAUMANN, GANT & KEELEY, P.A.**
Attorneys for Defendant,
*BRANDON JONES*
1401 East Broward Boulevard, Suite 200
Fort Lauderdale, FL  33301
Telephone: (954) 440-4611
Facsimile: (954) 440-4613

BY: */s/Daniel P. Stiffler, Esq.*
GARY F. BAUMANN, ESQ.
FLA BAR NO.: 089052
gbaumann@baumannlegal.com
DANIEL STIFFLER, ESQ.
FLA BAR NO.:  0028754
dstiffler@baumannlegal.com

14

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM BEACH
COUNTY, FLORIDA

CASE NO.: 502022CA012238XXXXMB

WILLIAM J. PULTE, an individual,

     Plaintiff,

vs.

BRANDON JONES, an individual,

     Defendant.

_____/

### DEFENDANT, BRANDON JONES NOTICE OF SERVING INTERROGATORIES TO PLAINTIFF

     COMES NOW, the Defendant, BRANDON JONES, by and through their undersigned attorneys, propounds the attached Personal Injury Interrogatories to the Plaintiff, WILLIAM J. PULTE, to be answered in accordance with Florida Rule of Civil Procedure 1.340.

### CERTIFICATE OF SERVICE

     WE HEREBY CERTIFY, a true and correct copy of the foregoing was served via electronic mail pursuant to Florida Rule of Judicial Administration 2.516 using Florida Court's E-Filing Portal to all parties of record listed for this case on the 14th day of July 2023.

          **BAUMANN, GANT & KEELEY, P.A.**
          1401 East Broward Boulevard
          Suite 200
          Fort Lauderdale, FL  33301
          Telephone : (954) 440-4611
          Facsimile: (954) 440-4613

          BY: */s/Daniel P. Stiffler, Esq.*
          GARY F. BAUMANN, ESQ.
          FLA BAR NO.: 089052
          gbaumann@baumannlegal.com
          DANIEL STIFFLER, ESQ.
          FLA BAR NO.:  0028754
          dstiffler@baumannlegal.com

1

## DEFENDANT, BRANDON JONES NOTICE OF SERVING INTERROGATORIES TO PLAINTIFF

## DEFINITIONS

1. "You" and "Your" refer to Plaintiff, William Pulte together with any agents, attorneys, representatives, employers, employees or other persons or entities acting for or on behalf of Plaintiff or in concert with Plaintiff. When documents or things are requested, such requests include information or materials in the possession, custody or control of Plaintiff, his agents, attorneys, representatives, employers, employees or other persons acting on behalf of Plaintiff.

2. "This action", "this litigation", and "this lawsuit" mean the action referenced in the caption above.

3. "The Complaint" means the complaint filed by the Plaintiff on December 14, 2022, which forms the basis of this lawsuit.

4. "Defendant" means Brandon Jones.

5. "Communication" means any transmission or communication in any form or format whatsoever, whether in person, by telephone, in writing, by facsimile, by e-mail, by voicemail, by instant messaging, by text messaging, by social media (including, but not limited to, Facebook, Instagram, Reddit or Twitter), or otherwise. "Communications" are a type of "Document," and nothing herein should be construed otherwise.

6. "Document" is used in the broadest sense of data compilations subject to production and includes any tangible thing on or in which data are preserved by any means or in any form, including, without limiting the generality of its meaning, electronically stored information (ESI) (as defined below), correspondence, memoranda, business records of any kind, notes of telephone conversations, telephone logs, diaries, calendars, contracts, financial records of any kind, marketing materials of any kind, diagrams, photographs, video and/or audio tapes, transcripts, computer printouts, and any other data compilations from which words, numbers, images or other information can be reasonably obtained, and shall include all originals, drafts, non-identical copies of such documents, and metadata.

7. "Electronically stored information" or "ESI" includes any information created, stored or best utilized with digital technology of any kind. It includes, but is not limited to, email, text and instant messages (including attachments), audio and/or video recordings, word-processing documents, spreadsheets, presentation documents, graphics of any type, database files, and

phone records, any of which may be stored on networks, computers, tablets, laptops, real or virtual servers, cloud-storage facilities, thumb drives, or other external storage devices, caches, social media sites, websites, apps, cellular telephones, or smartphones.

8.  "Identify" shall mean:

    (a) with respect to a person, to provide full name; last known home and business addresses, phone numbers, and email addresses; name and address of employer; and job title.

    (b) with respect to an oral communication (including evidence), to identify by and to whom it was made; the date when it was made; all persons present when it was made; and if it was memorialized, summarized, referenced, recorded or transcribed in any document, and if so, to identify such document.

    (c) with respect to a document (including evidence), to identify the type of document; the author, publisher, sender, recipient, and anyone copied; the date when it was generated and/or transmitted; the title or heading; and the name and last known address of the possessor of the original.

9.  "Including" means specifically including but not limited to.

10. "Person" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

11. "Third Party" means any person other than you.

3

## INTERROGATORIES

1.    What is your name, including all former names, alias' and nicknames, your address, date of birth, height, weight, Social Security number, driver's license number and, if you are answering for someone else, your official position?

      **ANSWER:**


2.    Please identify with specificity every statement, writing, or other communication which you contend Jones made about you that was defamatory, including the specific statement, the type of communication, the date of the statement, and the recipient(s) of each statement and identify all facts that support Your contention that each statement is false and defamatory.

      **ANSWER:**


3.    Please identify every person who you contend heard, was the recipient of, or witnessed in any way any of the alleged false and defamatory statements you contend were made by Jones.

      **ANSWER:**


4.    Please identify every person from whom you, or anyone acting on your behalf, have obtained a statement of any type concerning any fact, matter, event or thing having any connection or relevance whatsoever to any aspect of this lawsuit, state when and where the statement was made, the method of recording, who was present, and produce a copy of the statement.

      **ANSWER:**


5.    Please identify all lawsuits or other official proceedings, whether criminal, civil, administrative, or otherwise, that you have participated in as a party in the last ten (10) years, and include the case number, jurisdiction, and court in which the case or other proceeding was pending.

      **ANSWER:**


6.    Please identify all of your previous and/or current residence addresses for the past ten (10) years and the length of time which you resided at each residence.

4

**ANSWER:**

7. Please identify your position, title, and responsibilities at Pulte Capital Partners, LLC with its creation through the present. If your position, title, or responsibilities changed at any time, please provide the dates applicable to each position, title, or responsibility.

   **ANSWER:**

8. Please identify your position, title, and responsibilities at Bill Pulte Foundation, Inc. with its creation through the present. If your position, title, or responsibilities changed at any time, please provide the dates applicable to each position, title, or responsibility.

   **ANSWER:**

9. Please identify your position, title, and responsibilities at Pulte RE III LLC with its creation through the present. If your position, title, or responsibilities changed at any time, please provide the dates applicable to each position, title, or responsibility.

   **ANSWER:**

10. Please identify your position, title, and responsibilities at Pulte Capital Rentals LLC with its creation through the present. If your position, title, or responsibilities changed at any time, please provide the dates applicable to each position, title, or responsibility.

    **ANSWER:**

11. Please identify your complete employment background and employment history, including but not limited to date of hire and end of employment, job title or position, description of job responsibilities in each position, the reason(s) you left each place of employment, and your supervisor's name and contact information.

    **ANSWER:**

12. Please identify every person with whom you have discussed the Defendant, Brandon Jones, since November 1, 2021, provide the date, duration, and subject matter discussed, provide the type of communication (telephone call, text, email, in person, etc.) and state whether you recorded any such communications by any means.

    **ANSWER:**

13. Please identify all social media websites, services, and/or platforms for which you have an account, including, but not limited to, Facebook, Twitter, Instagram, and Snapchat.  For each account, please provide the username and identify the date of any post which concerns this lawsuit and/or Jones.

    **ANSWER:**

14. Please state whether any person authorized you to utilize Brandon Jones name, likeness, and/or image in connection with www.pultelawsuit.com. For each such person and/or authorization, please provide their identity and contact information, the date of the authorization, the substance of your communication with such person, and whether any agreement was reached (formal or informal).

    **ANSWER:**

15. Identify by name, address, telephone number and employer each and every person believed or known by You to have any knowledge concerning any issues in this lawsuit, Your injuries, or the allegations in the Complaint, and specify the subject matter about which the witness has knowledge.

    **ANSWER:**

16. If You have given or made any statements (written, taped, transcribed, other otherwise recorded) that in any manner relate to or concern the, lawsuit, Your injuries, or the allegations in the Complaint, state when and where the statement was made, to whom it was given, the method of recording, who was present, and produce a copy of the statement.

    **ANSWER:**

17. Identify by name, address, telephone number and employer each and every person from whom You, or anyone acting on Your behalf (including without limitation, Your attorneys, any investigator working for Your attorneys or You, or any other person), have obtained a statement of any type (e.g., written statement, recorded phone conversation, recorded in-person conversation, or otherwise) concerning any fact, matter, event or thing having any connection or relevance whatsoever to any aspect of this lawsuit, state when and where the statement was made, the method of recording, who was present, and produce a copy of the statement; and to the extent any person has been interviewed but did not necessarily give a

6

"statement," separately identify each such person by name and address and state the time, date, and place when the interview occurred.

**ANSWER:**

18. Without reference to or repeating the allegations in the Complaint, identify specifically all communications and documents that support the allegation in allegation in paragraph 84 of the Complaint which reads "In publishing these false statements, Jones either knew the statements were false, had serious doubts as to their truth, or published them with reckless disregard for, and in purposeful avoidance of the truth."

**ANSWER:**

19. Identify with specificity – including date, duration, and name and address of all persons involved and/or with knowledge of – each instance when:

   a. You were subject to "hatred, distrust, contempt, aversion, ridicule and disgrace in the minds of companies with whom he does business through Pulte Capital, those he connects with through his charitable efforts, as well as with those whom Pulte potentially would do business." as alleged in paragraph 79 of Your Complaint; and

   b. showing PulteGroup resources were used to post messages to Twitter as alleged in Paragraph 28 of the Complaint; and

   c. showing evidence of network of bots used by Defendant as alleged in Paragraph 29 of the Complaint; and

   d. Jones insults were made with non-public comments about PulteGroup as alleged in Paragraph 38 of the Complaint; and

   e. that Plaintiff believes were made by the Defendant on any other website as alleged in Paragraph 42 of the Complaint; and

   f. Defendant has embarked on a vindictive campaign of falsehoods as a means to sully Pulte's good name and the charitable work in which he engages as alleged in Paragraph 52 of the Complaint; and

   g. Defendant received private board information that was then used to publish false and partial Misinformation as alleged in Paragraph 52 of the complaint; and

   h. These published statements defamed Pulte and resulted in injury to him, including but not limited to, financial losses, loss to his reputation and good name in the community and lost business opportunities as alleged in paragraph 74 of the Complaint.

**ANSWER:**

20. Identify the persons and companies with specificity – including date, duration, and name and address of all persons involved, with whom Pulte does business "through Pulte Capital, familial and through his charitable efforts" as alleged in Paragraph 90 of the Complaint.

   **ANSWER:**


21. Identify the persons and companies with specificity – including date, duration, and name and address of all persons involved, with whom Pulte alleges the Defendant "intentional and unjustified interference with the relationship between Pulte and his existing business relationships, as well as potential business Relationships" as alleged in Paragraph 92. of the Complaint.

   **ANSWER:**

## **JURAT PAGE**

Signature: _____

Printed Name: _____

Date: _____


STATE OF FLORIDA     )
              ) ss:
COUNTY OF _____)


   BEFORE ME, the undersigned authority, personally appeared _____ , who ☐ is personally known to me or who ☐ provided _____ as identification, and who, after being first duly sworn, deposes and says that he/she has read the foregoing Interrogatories and Answers thereto and that he/she has set their hand and seal thereto for the uses and purposes therein expressed.

**SUBSCRIBED AND SWORN** to, before me, this _____ day of _____, 2023.


_____
NOTARY PUBLIC, State of Florida

_____
Name of Notary:
(typed or printed)

**( S E A L )**

Commission Number: _____
My Commission Expires: _____

9